IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-047-FDW-DCK

| MARIAH GRADE, | ) | |
|---|---|---|
| Plaintiff, | ) | **CONSENT PROTECTIVE** |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| CITY OF CHARLOTTE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Consent Motion For Entry Of Protective Order" (Document No. 31) filed September 17, 2024. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' proposed Protective Order as follows.

It is hereby stipulated and agreed, by and between the parties hereto and their respective counsel, that certain documents and information requested by the parties in oral and written discovery in this action may contain confidential financial, commercial, personal, medical or business information, which should be protected from unauthorized disclosure. Accordingly, confidential documents and information will be governed by the following terms, conditions, restrictions and procedures of this Consent Protective Order.

**IT IS, THEREFORE, ORDERED** that any documents and information that otherwise would be withheld pursuant to N.C. Gen. Stat. § 160A-168 shall be produced in accordance with this Consent Protective Order, and that such documents and information, and any other documents and information that contain confidential information, shall be had only upon the following terms and conditions:

1. All information and documents produced and identified by a party as containing confidential information and designated as **CONFIDENTIAL** in accordance with this Consent Protective Order shall be treated as confidential and not disseminated or further disclosed except in accordance with this Consent Protective Order and within the course of this proceeding and any subsequent appellate proceedings.

2. A party may designate information, documents or things which it believes is subject to the confidentiality protections under this Order by placing on the face of such material the word **"CONFIDENTIAL,"** or by otherwise notifying the non-disclosing party's counsel in writing and specifically identifying the documents or information that it maintains is **CONFIDENTIAL**.

3. A party may disclose information designated as confidential pursuant to this Consent Protective Order only to

    a. The Court;

    b. The parties and their counsel;

    c. Staff of counsel's law firm who assist with the preparation or filing of exhibits or other documents;

    d. Consultants or experts retained or who may be retained for litigation purposes;

    e. Witnesses or prospective witnesses for discovery, trial preparation, or trial purposes;

    f. Court reporters employed for the purpose of taking depositions; and

    g. Service contractors such as copying or imaging service providers who assist with the preparation of exhibits, discovery responses or other documents.

4. Any person other than a party, a party's counsel and staff, court reporters and their staff, and the Court and its staff, who are provided with confidential information or shown confidential documents, shall execute the form attached as **Exhibit 1** prior to disclosure of confidential information. The disclosing party shall transmit an executed copy of **Exhibit 1** to the non-disclosing party within fourteen (14) days of the execution of **Exhibit 1**.

5. Counsel for the parties shall keep a record of persons to whom disclosures are made if the person receiving disclosure is required under the provisions of paragraph four above to execute **Exhibit 1**. Counsel for the parties shall retain all disclosure forms signed by such persons.

6. The parties propose that all confidential materials covered by this Order shall be returned to counsel for the party who provided access to the materials, or destroyed, within sixty (60) days after final disposition of the matter, except that counsel of record for each party may retain one copy in accordance with that party's document retention or destruction policies. However, any confidential documents and information so retained will continue to be treated as confidential and governed by this Order. Notwithstanding the provisions of this paragraph, the ultimate disposition of confidential documents and information is subject to a final Order of this Court upon completion of this litigation.

7. Documents and information designated as **CONFIDENTIAL** may be utilized in depositions which are taken in the course of litigation. Either during the course of the deposition or within ten (10) business days of the close of discovery, a Party may designate deposition testimony as "CONFIDENTIAL." Such a designation shall be specific as to the portion(s) of testimony to be designated as "CONFIDENTIAL" including page and line numbers. A designating party must serve a Notice of Designation in writing to all Parties

3

Case 3:24-cv-00047-FDW-DCK   Document 32   Filed 09/18/24   Page 3 of 7

of record as to specific portions of the transcript to be designated "CONFIDENTIAL." Thereafter, those portions so designated shall be protected under this Order.

8. When a party seeks to file with the Court confidential information or documents, including confidential portions of any transcript, the party shall follow W.D.N.C. Local Rule LCvR 6.1. If the party seeking to file confidential information or documents is not the party who designated such information and documents confidential pursuant to paragraph 2 above, then they shall provide the party who so designated notice of their intent to file before they file the requisite motion under LCvR 6.1(c) so that the parties can confer as to whether such information and documents should be filed under seal. Notwithstanding a party's desire to file confidential documents under seal, any motion, memorandum, document or other paper filed with the Court is presumptively deemed to be a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

9. The production by either party of confidential information and documents pursuant to the terms of this Order shall not waive or prejudice the right of either party to object to the admissibility of the documents or information on other grounds; and the production of such information or documents shall not be considered an acknowledgement that the materials may be admissible into evidence at trial of this action.

10. In the event a party disputes the designation of information or documents as **CONFIDENTIAL**, counsel for the disputing party shall notify the designating party in writing of such dispute, which may include notification by email. In an effort to settle such dispute without judicial intervention, the parties shall confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed designation.

If the parties cannot resolve the dispute, the disputing party or designating party may file a motion with the Court for a ruling on the designation.

11. When the parties dispute a confidentiality designation as set forth in paragraph 10 above, the party maintaining that the information or documents are confidential shall bear the burden before the Court to show that the information or documents are entitled to continued protection under the Order. During the pendency of such dispute or motion and until the Court rules, the information or documents designated as **CONFIDENTIAL** shall remain subject to the designations and restrictions of this Order.

12. The handling of information designated as **CONFIDENTIAL** at trial shall be a matter addressed by the Court at the final pre-trial conference.

13. Nothing in this Order shall require disclosure of material which is protected from disclosure by the attorney-client privilege, as constituting attorney work product, or any other valid objection or privilege. Additionally, inadvertent disclosure of any document or materials subject to a legitimate claim that the document or materials are subject to or otherwise protected from disclosure under the attorney-client privilege, work product doctrine, or any other type of legally recognized protection or privilege, shall not waive the protection for either the document or information contained in the documents or materials.

14. Pursuant to Federal Rule of Evidence 502(b) and (d), an inadvertent failure to designate qualified information, documents or items as "CONFIDENTIAL" does not waive the designating party's right to secure protection under this Order for such material. If material is designated as "CONFIDENTIAL" after the material was initially produced, the receiving party, on timely notification of the designation by the designating party, must make reasonable efforts to assure that the material is treated in accordance with the provisions of

this Order. If a party disputes the subsequent designation of material as "CONFIDENTIAL" under this paragraph, a party may dispute the designation as provided in paragraph 10 above.

15. This Order does not apply to any documents or information which are deemed to be a "matter of public record" pursuant to N.C.Gen.Stat. §160A-168 or the North Carolina Public Records Act, N.C.Gen.Stat. §§ 132 -1 *et seq*.

16. This Order shall not prevent any party from applying to the Court for relief, or from applying to the Court for additional protective orders, or from the parties agreeing among themselves to the modification of this protective order, subject to the approval of the Court.

17. This Order may be modified only upon further order of this Court.

    **SO ORDERED**.

Signed: September 17, 2024

David C. Keesler
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-047-FDW-DCK

| | | |
|---|---|---|
| **MARIAH GRADE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **EXHIBIT 1** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF CHARLOTTE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential.

I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

**DATED**: _____

**SIGNATURE**: _____

Signed in the presence of: _____ (Attorney)

7

Case 3:24-cv-00047-FDW-DCK   Document 32   Filed 09/18/24   Page 7 of 7